In the matter of the application of THE DIME SAVINGS INSTITUTION, for direction in the management of its trusts.

It is the duty of the managers of a savings bank, who have applied to this court to protect the interests of the depositors, to convert the assets into cash as rapidly as possible, without sacrifice, and to distribute the proceeds among the depositors without unnecessary delay.

*Mr. S. F. Bigelow,* for the petitioner.

THE CHANCELLOR.

This application is of the same character and is made under the same circumstances as that of the Newark Savings Institution, and the views expressed by me in that case are applicable to this. *Newark Sav. Inst. Case,* 1 *Stew.* 552. The trustee comes into court for instructions. The money of its beneficiaries (its depositors) has been received in most cases in small sums, and has been invested on general account. It cannot, therefore, be said that any depositor has a right superior to that of all other depositors, or, indeed, to that of any other depositor, to any particular security in which the investments have been made. The trustee stands ready to convert the securities into cash and pay the depositors, but in the present circumstances, if the collection of assets be forced, there will be a deficiency, and if it pays in full as long as it can, it must needs be that through the deficiency some of the depositors must lose. Those who will lose will, of course, be those who come last. It cannot be doubted that any depositor would have a right to invoke the aid of this court to prevent such an inequality, such a devolution of the losses upon depositors whose right to be paid in full is obviously equal to that of those who, through their vigilance or their activity in a general scramble, may have obtained payment of their entire deposits. Of course none of those who hope to obtain payment in full will take steps to prevent an unequal distribution. Those

who are absent or uninformed as to the situation, or who are unable, through disability or hindrance, to protect themselves, cannot do so. It, therefore, becomes the duty of the trustee to do it.

In such cases this court will take care to protect the rights of the beneficiaries. It is obvious that in view of the reasonable demands or expectations of depositors, under the circumstances, the assets should be converted into cash as rapidly as is possible without sacrifice, and distribution should be made among the depositors without unnecessary delay. It, therefore, becomes the duty of the trustee to realize upon the assets as fast as it may be done consistently with the interest of the trust, and so, under the direction of this court, divide the available assets with all practicable dispatch among those who are entitled to them. Thus the necessity for a receiver may be avoided, for all that could be accomplished in that way may be better effected in this.